No. 30,549.

DAVID CUNNINGHAM and JOHN V. CUNNINGHAM, Minors, by Their Father and Next Friend, JAMES C. CUNNINGHAM, *Appellees*, v. DAVID W. CUNNINGHAM, as Executor of the Estate of George A. Cunningham, Deceased, *Appellant*.

(11 P. 2d 749.)

Opinion filed June 4, 1932.

*T. A. Fairchild, Albert M. Cole,* both of Holton, *Floyd A. Sloan* and *W. Glenn Hamilton,* both of Topeka, for the appellant.

*A. E. Cranè,* of Topeka, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action on an alleged oral agreement to convey land at the death of promisor in payment for services rendered promisor during his lifetime. Judgment was for plaintiffs. Defendant appeals.

George A. Cunningham and James C. Cunningham were brothers. David Cunningham and John V. Cunningham were sons of James. George A. Cunningham was a bachelor. The petition alleged that in 1894 George A. Cunningham came to live in the home of James C. Cunningham and that James furnished him with board, care, washing and expense money and performed labor for him for a

period of nineteen years. The petition further contained this allegation:

"During said time Geo. A. Cunningham orally promised James C. Cunningham that he would pay him for the above services and expense at his death."

The petition then alleged that thereafter George orally agreed with James and his wife that for the services rendered him by James he would will eighty acres of land owned by him to David and John V. Cunningham. It alleged that in pursuance of that agreement George executed a will devising the eighty acres to David and John and that thereafter George executed another will revoking the former one, and devising the eighty acres in question to another person.

The action was brought by David and John for the value of the eighty acres. The case was tried before a jury and a verdict returned for appellees in the amount of $4,000. Judgment was rendered accordingly. From that judgment this appeal is taken.

Appellants urge as error first that James was an incompetent witness as to certain transactions between himself and George concerning which he was permitted to testify. Second, that the alleged agreement is within the statute of frauds and unenforceable. Third, that the contract for services as alleged was not proven.

It will be seen that while the suit is on the promise of George to James to devise the land to the sons of James in return for services rendered George by James several years before, still this promise depended for its enforceability on the alleged contract between George and James in 1894. If there was no contract between George and James that James could have enforced against George when George ceased to live with him and accept services under the alleged contract, then there was no consideration for the contract sued on in this case and it cannot be enforced. We must look to the situation and the rights of the parties as they existed at the end of the nineteen-year period during which James claims he was boarding and caring for George. Was there a contract alleged and proven between James and George that James could have enforced?

The only evidence on that point is that of James himself. This was objected to by appellants and the admission of it is urged here as error, but assuming and not deciding that the evidence was admissible still it was not sufficient to establish any contract. He

testified that from 1894 to 1911 George lived in his home, during which time James bought the groceries and coal and killed hogs for meat. The next thing he testified about was a will which he claimed George made in 1926, willing the land to appellees in this case. There is other testimony as to statements made by George in 1926 as to the will he is claimed to have made, but what we are looking for is evidence of the first contract pleaded between James and George. There is no such evidence in the record. The demurrer of appellant to the evidence of appellees should have been sustained.

The judgment of the district court is reversed with directions to dismiss the case.

SLOAN, J., not participating.

HARVEY, J., concurs in the result.